FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: \_\_\_\_\_Aug 23, 2022\_\_\_\_\_

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**UNITED STATES OF AMERICA**                                                     **PLAINTIFF**

v.                             **CRIMINAL NO.**        **3:22-cr-86-RGJ**

**KELLY GOODLETT**                                                             **DEFENDANT**

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, the United States of America, by and through its attorneys, Kristen Clarke, Assistant Attorney General for the Civil Rights Division, and Michael J. Songer and Anna Gotfryd, Trial Attorneys with the Civil Rights Division, and the defendant, KELLY GOODLETT, and her attorneys, Brandon W. Marshall and James Lowry, IV, have agreed upon the following:

       1.        Defendant agrees to waive Indictment by the grand jury and to plead guilty to a felony Information that will be filed against defendant by the Assistant Attorney General for the Civil Rights Division. That information will charge defendant with a violation of 18 U.S.C. § 371 for conspiring with former Louisville Metro Police Department (LMPD) Detective Joshua Jaynes to (1) falsify a warrant affidavit for Breonna Taylor's home, in violation of 18 U.S.C. § 242, and (2) make false statements to cover up the false affidavit, in violation of 18 U.S.C. § 1512(b)(3).

       2.        Defendant has read the charges against her contained in the Information, and those charges have been fully explained to her by her attorneys. Defendant fully understands the nature and elements of the crimes with which she has been charged.

3. Defendant will enter a voluntary plea of guilty to 18 U.S.C. § 371 in this case. Defendant will plead guilty because she is in fact guilty of the charge. The parties agree to the factual basis for this plea, which is attached as an Addendum to this agreement.

4. Defendant understands that the charge to which she will plead guilty carries a maximum term of imprisonment of five years, a fine of $ 250,000, and a three-year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if she is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose her to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including her attorney or the U.S. District Court, can predict with certainty how her conviction may affect her immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that, if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release, and that she will then be subject to certain conditions of release. §§ 5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that, by pleading guilty, she surrenders certain rights set forth below. Defendant's attorneys have explained those rights to her and the consequences of her waiver of those rights, including the following:

    A. If defendant pleads not guilty to charges against her, she has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

    C. At a trial, defendant would have a privilege against self-incrimination and she could decline to testify, without any inference of guilt being drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

8. Defendant understands that the Civil Rights Division has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the

sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the Information to which she pleads guilty.

9. Defendant agrees that the amount of restitution ordered by the Court shall include defendant's total offense conduct, and is not limited to the counts of conviction. The parties agree that the restitution shall be ordered due and payable on the date of sentencing. Defendant agrees that any payment schedule imposed by the Court is without prejudice to the United States to take all actions available to it to collect the full amount of the restitution at any time. Restitution payments shall be made payable to the U.S. District Court Clerk at Gene Snyder Courthouse, 601 W. Broadway, Louisville, KY 40202.

Defendant agrees that, not later than 45 days from entry of the Plea Agreement, defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all defendant's assets/financial interests. Defendant authorizes the United States to run credit bureau reports prior to sentencing, and defendant will sign releases authorizing the United States to obtain defendant's financial records. Defendant understands that these assets and financial interests include all assets and financial interests in which defendant has an interest, direct or indirect, whether held in defendant's own name or in the name of another, in any property, real or personal. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since the date of the first offense, including the location of the assets and the identity of the third party(ies). Defendant agrees that the United States may share the contents of the reports and financial disclosures with the Court and U.S. Probation.

Defendant agrees to submit to a deposition in aid of collection at times and places that the United States directs. If defendant has a financial advisor or accountant, defendant agrees, at her

expense, to make them available to aid the United States in determining defendant's net worth. Defendant authorizes the United States to file notice of Lis Pendens prior to judgment on any real property defendant owns either individually or jointly. Defendant agrees to her name and debt being added to the Treasury Offset Program.

Upon execution of the Plea Agreement, defendant agrees not to transfer, sell, or secrete any of defendant's property, real or personal, held jointly, individually or by nominee/third party, valued at $5,000 or more without first advising the United States not less than 10 days before the proposed sale or transfer. Defendant agrees that failure to comply with any of the provisions of this Agreement constitutes a material breach of the Plea Agreement, and defendant agrees that the United States is relieved of its obligations under this Agreement and/or may not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). However, defendant may not withdraw her guilty plea because of his breach. Defendant further understands that she may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100 to the United States District Court Clerk's Office by or on the date of sentencing.

11. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of defendant's conduct within the Western District of Kentucky, unless defendant breaches this Agreement. If defendant violates any part of this Agreement, the

United States may void this Agreement and seek an Indictment for any violations of federal laws, and defendant waives any right to challenge the initiation of additional federal charges.

12. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A. The Applicable Offense Level should be determined as follows:

| 2A1.4(a)(2)(A) | Base Offense Level for Count 1 (§ 242, Involuntary Manslaughter cross reference from 2H1.1) | 18 |
|---|---|---|
| 2H1.1(b) | Committed Under Color of Law | +6 |
| 3C1.1 | Obstruction | +2 |
| 3B1.2(b) | Minor Participant | -2 |
| | **Total offense level** | **24** |

B. Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through her allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. 3E1.1(a). Furthermore, assuming defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G. 3E1.1(b), because defendant will have given timely notice of her intention to enter a plea of guilty. If these reductions are applied for defendant's acceptance of responsibility, the resulting offense level would be 21.

C. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG § 4A1.1 calculation of

defendant's criminal history. The parties agree not to seek a departure from the Criminal History Category pursuant to § 4A1.3.

   D. The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. Defendant understands the Court will independently calculate the Guidelines at sentencing, and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

13. Defendant agrees to the following waivers of appellate and post-conviction rights:

  A. Defendant is aware of her right to appeal her conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Defendant knowingly and voluntarily waives the right to directly appeal her conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, unless her claim is based on claims of ineffective assistance of counsel or prosecutorial misconduct.

  B. Defendant is aware of her right to contest or collaterally attack her conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant knowingly and voluntarily waives any collateral attack argument, unless the argument is based on claims of ineffective assistance of counsel or prosecutorial misconduct.

  C. Defendant knowingly and voluntarily waives the option to file a motion to have her sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government or a motion for compassionate release under 3582(c)(1)(A), limited to the grounds set forth in U.S.S.G § 1B1.13 until such provision is modified by the Sentencing Commission, filed by defendant.

14. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Information. Defendant further agrees to waive any double

jeopardy challenges that defendant may have to the charges in this Information based upon any pending or completed administrative or civil forfeiture actions.

15. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that, at sentencing, the Court will have the benefit of all relevant information.

16. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. Defendant agrees to make no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the Civil Rights Division, or the Criminal Investigation Division of the Internal Revenue Service. Defendant further agrees to the entry of an order under Fed. R. Crim. P. 6(e)

authorizing the use of documents in possession of the Grand Jury to be used during defendant's deposition as contemplated in paragraph 9 of this Agreement.

19. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

20. Defendant knowingly and voluntarily waives the right to appeal or collaterally attack the conviction and sentence based on any claim that (1) the statute to which defendant is pleading is guilty is unconstitutional, or (2) the admitted conduct does not fall within the scope of the statute.

21. The parties agree to jointly recommend that defendant be released, subject to appropriate conditions determined by the Court, prior to her trial or sentencing in this case.

22. It is understood that, pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation, and defendant will have no right to withdraw her guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

23. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that she has informed the Civil Rights Division, either directly or through her attorney, of all mitigating factors.

24. This document, the Addendum, and the supplemental plea agreement state the complete and only Plea Agreements between the Assistant Attorney General for the Civil Rights Division and defendant in this case, and are binding only on the parties to this Agreement (except for Paragraph 11, which also binds the United States Attorney's Office for the Western District of Kentucky). This agreement supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

By: _____    Aug 23, 2022
Michael J. Songer                         Date

_____    Aug 23, 2022
Anna Gotfryd                              Date

Trial Attorneys
Civil Rights Division
Attorneys for the United States, Acting Under Authority Conferred by 28 U.S.C. § 515

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____    Aug 23, 2022
Kelly Goodlett                            Date
Defendant

     I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge, my client's decision to enter into this Agreement is an informed and voluntary one.

_____       Aug 23, 2022
Brandon W. Marshall  */s/ signature/*       _____
Counsel for Defendant      Date

_____       Aug 23, 2022
James Lowry, IV  *For Jim Lowry by BWM with Authority*       _____
Counsel for Defendant      Date

# FINANCIAL STATEMENT

United States Attorney's Office
Western District of Kentucky



### A. GENERAL INSTRUCTIONS - READ CAREFULLY

The purpose of this form is to give a complete and accurate picture of your financial condition so we may decide how to collect financial claims against you. If you are married, list assets held by your spouse, as well as yourself, and show whether each asset is owned individually or jointly. Before completing and submitting this form, you may discuss it with your own attorney. By completing and signing this financial statement, you acknowledge that the information provided will affect action by the United States Department of Justice and further understand that any false answers can lead to the termination or nullification of any potential settlement agreement reached and/or prosecution for false statements under Title 18, United States Code, Section 1001 (maximum prison sentence of five (5) years and/or a fine of not more than $250,000).

Each question must be answered completely. If the answer is "none", you must state "none." <u>DO NOT</u> leave any question unanswered.

Please date and initial each page, and sign the last page and accompanying Release. If there is insufficient space on the form, please attach additional sheets as necessary, and date and initial each additional page.

### B. ACKNOWLEDGMENT, IF REPRESENTED BY COUNSEL

If I am represented by retained or appointed counsel, I acknowledge having reviewed the foregoing instructions with my counsel. My counsel's name and telephone number:_____

_____

Name of Person Completing Form:

_____  _____  _____
First                        Middle                        Last

My Signature: _____ Date:_____

Authority for the solicitation of the requested information includes one or more of the following: 5 U.S.C. §§ 301, 901 (see Note, Executive Order 6166, June 10, 1933); 28 U.S.C. § 501-530A; 28 U.S.C. §§ 1651, 3201-3206; 31 U.S.C. § 3701-3731; 44 U.S.C. § 3101; 28 C.F.R. §§ 0.160, 0.171 and Appendix to Subpart Y; 18 U.S.C. § 3664(d)(3); and Fed.R.Civ.33(a).

The principal purpose for gathering this information is to evaluate your ability to pay the government's claim or judgment against you. Routine uses of the information are established in the following U.S. Department of Justice Case File Systems published in Vol. 42 of the Federal Register, Justice/CIV-001 at page 53321; Justice/TAX-001 at page 15347; Justice/USA-005 at pages 53406-53407; Justice/USA-007 at pages 53408-53410; Justice/CRIM-016 at page 12774. Disclosure of the information is voluntary. If the requested information is not furnished, the United States may seek disclosure through other means.

Revised 1/19/17

Page 1